BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -3 1977

IN RE FALSTAFF BREWING CORPORATION
ANTITRUST LITIGATION

DOCKET NO. 263

PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*,
STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE
PANEL.

PER CURIAM

I. OVERVIEW

This litigation consists of seven actions commenced in five federal districts: three in the Northern District of California, and one each in the Eastern District of Missouri, the Eastern District of Louisiana, the Eastern District of Pennsylvania, and the District of Rhode Island. The actions arose from a series of events surrounding the renegotiation of provisions for repayment of certain loans taken out by Falstaff Brewing Corporation (Falstaff), and the concurrent purchase of a considerable amount of stock in Falstaff by Paul Kalmanovitz. Defendants include six creditors of Falstaff: two insurance companies—New York Life Insurance Company (N.Y. Life) and Mutual Life Insurance Company of New York (MONY); and four national banks—Boatmen's National Bank of St. Louis, First National Bank of Commerce

---

*Although Judges Wisdom, Lord, and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

(in Louisiana), First Pennsylvania Bank and Trust Company, and Industrial National Bank of Rhode Island. Several former officers and directors of Falstaff, and Haskins & Sells (Falstaff's accountants during the events in question) are also defendants.

II. FACTUAL BACKGROUND

The factual background of this litigation as alleged by the two plaintiffs in their papers before the Panel is briefly summarized as follows:

| Date | Event |
|---|---|
| 1961 and 1965 | Long term notes negotiated by Falstaff with defendants MONY and N.Y. Life. |
| December 1972 | Short term notes negotiated by Falstaff with four national bank defendants. |
| November 1974 | Technical conditions of default occur on all notes, though Falstaff remains current on payments of principal and interest. Lenders agree as a group to waive this default if they receive a security interest in some of Falstaff's assets. |
| January 20, 1975 | Lenders execute Collateral Agency Agreement appointing one bank as agent for all lenders and agreeing to share any prepayments by Falstaff to reduce the loans on a pro-rata basis. |
| February 5, 1975 | Falstaff's officers execute with lenders the security interest in some of Falstaff's assets. |

| Date | Event |
|---|---|
| March 10, 1975 | Paul Kalmanovitz enters into an agreement with Falstaff to purchase certain stock of Falstaff for $10 million, to designate a majority of the Board of Directors of Falstaff, and to guarantee payment of Falstaff's obligations up to $10 million. |
| March 24, 1975 | Falstaff's officers agree to the terms of the Collateral Agency Agreement. |
| April 28, 1975 | Stockholders approve Kalmanovitz's purchase of stock in Falstaff. |
| May 19, 1975 | Security interest of lenders in Falstaff's assets filed in California. |
| June 30, 1975 | Falstaff, with Kalmanovitz in control, repays in full short term bank loans with $4.9 million payment. Banks accept this money and do not share it pro-rata with the insurance companies. |
| July 11 and 16, 1975 | N.Y. Life and MONY serve notice of breach of Collateral Agency Agreement on banks and Falstaff. |
| July 24, 1975 | Falstaff files first action. |

III. DESCRIPTION OF ACTIONS

The actions are of three types--declaratory judgment, antitrust and securities. The first action was filed in the Northern District of California by Falstaff and Kalmanovitz in July 1975 (declaratory judgment action), the second in November 1975 in the same district (California antitrust action) and the third in January 1976, also in that district

(securities action). The national banks were originally named as defendants in the California antitrust and securities actions but were dismissed under the venue provision of the National Bank Act, 12 U.S.C. §94. The plaintiffs subsequently filed antitrust complaints virtually identical to the one in the California antitrust action against each bank in its home district.

A. <u>Declaratory Judgment Action</u>

The declaratory judgment action includes Falstaff as plaintiff and N.Y. Life and MONY as defendants. The complaint in this action seeks a judicial determination of the rights and duties of the various parties under the loan agreements and the Collateral Agency Agreement. Falstaff alleges that the Collateral Agency Agreement is void and unenforceable against itself as a restraint of trade; that it properly repaid only the banks and therefore is not in default on its loan agreements with the insurance companies; and that the lenders attempted to improperly interfere with Kalmanovitz's negotiations with Falstaff by imposing conditions on Falstaff's method of repayment.

B. <u>Antitrust Actions</u>

Falstaff and/or Kalmanovitz are plaintiffs in all five antitrust actions. The California antitrust action includes N.Y. Life and MONY as defendants, while a different

national bank is the sole defendant in each of the other four antitrust actions. The complaints in the five antitrust actions allege that the six lenders conspired to restrain trade and eliminate competition in the financing of Falstaff by entering into the Collateral Agency Agreement and by requiring a security interest from Falstaff in connection with outstanding loans, the effect of which was to fix interest rates and credit terms at noncompetitive levels and to allocate among themselves lending opportunities and prepayments of loans. A second count in each complaint in these five actions alleges that the lenders committed fraud by conspiring to conceal from potential investors, specifically Kalmanovitz, the existence of the security agreements with intent to deceive potential investors and induce them to invest in Falstaff.

C. The Securities Action

Kalmanovitz is the plaintiff in the securities action and N.Y. Life, MONY, Haskins & Sells, and several former officers and directors of Falstaff are defendants. The complaint in this action alleges that the security agreements between Falstaff and the lenders, and the Collateral Agency Agreement among the lenders, were not properly disclosed to Kalmanovitz prior to his decision to invest in Falstaff. Kalmanovitz alleges that when Falstaff's financial condition began to deteriorate, the lenders, the former officers and directors of Falstaff, and Haskins & Sells conspired to induce him to invest in the company through

misrepresentations, failures to disclose, and preparation of false and misleading financial statements.

IV. PROCEEDINGS BEFORE THE PANEL

Plaintiffs Falstaff and Kalmanovitz move the Panel pursuant to 28 U.S.C. §1407 to transfer the foregoing actions pending in districts other than the Northern District of California to that district for coordinated or consolidated pretrial proceedings with the actions pending there.[1] At the Panel hearing on this matter, Falstaff stated that the Eastern District of Missouri would also be a suitable transferee district for this litigation. Several parties oppose transfer of some or all of the actions.

We find that the antitrust actions and the securities action share common questions of fact and that their transfer under Section 1407 to the Eastern District of Missouri for coordinated or consolidated pretrial proceedings will

---

[1] A few days before the Panel hearing on this matter, plaintiff Kalmanovitz moved the Panel under Section 1407 to transfer four additional actions that were "in the process of being filed." These contemplated actions were to be against each of the four national banks that were dismissed from the California securities action under the venue provision of the National Bank Act. Since this motion does not involve actions that were actually pending in different federal judicial districts at the time the motion was filed with the Panel, the motion is denied without prejudice. The Panel has since been advised, however, that these four actions have been filed. Accordingly, the Panel will treat these four actions as tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60 (1975).

best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We also find that transfer of the declaratory judgment action for coordinated or consolidated pretrial proceedings with the other actions will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation and, accordingly, we deny transfer of that action.

V. THE QUESTION OF TRANSFER

    A. The Antitrust and Securities Actions

As all parties recognize in varying degrees, the antitrust and securities actions clearly share common questions of fact regarding defendants' conduct. Certain conduct of the defendants is alleged to have constituted antitrust violations while non-disclosure of that same conduct is alleged to have also resulted in violations of the securities laws. Thus, transfer of the antitrust and securities actions under Section 1407 is necessary in order to eliminate the possibility of duplicative discovery and prevent inconsistent pretrial rulings. See In re Pittsburgh & Lake Erie Railroad Company Securities and Antitrust Litigation, 374 F. Supp. 1404, 1405 (J.P.M.L. 1974).

The four national banks argue that with respect to the four antitrust actions in which national banks are defendants, the motion before the Panel is in reality an attempt to circumvent the venue restrictions of the National Bank Act, 12 U.S.C. §94, and that the Panel should accordingly deny transfer of those actions. They contend that movants are attempting to misuse Section 1407, citing In re Highway Accident Near Rockville, Connecticut, 388 F. Supp. 574, 576 (J.P.M.L. 1975) and In re Truck Accident Near Alamagordo, New Mexico, 387 F. Supp. 732, 734 (J.P.M.L. 1975). They stress that 12 U.S.C. §94 was enacted for the convenience of the national banks to protect them from having to move their records outside their home districts. This policy of the Act, they assert, as discussed in the recent United States Supreme Court case of Radzanower v. Touche Ross & Co., 426 U.S. 148 (1976), would be violated by transferring the actions against the banks for pretrial purposes. Though the national banks realize that transfers under Section 1407 are not restricted by considerations of venue, they urge the Panel to give deference to the policy behind the venue provision of the National Bank Act by denying transfer.

We see no reason, including anything in <u>Radzanower</u>, to exempt actions involving national banks from transfer under Section 1407. In considering transfer under Section 1407, the Panel is not encumbered by considerations of venue, including those under 12 U.S.C. §94. <u>In re Great Western Ranches Litigation</u>, 369 F. Supp. 1406, n. 1 (J.P.M.L. 1974). The fact that defendants may not all be amenable to suit in the same jurisdiction does not prevent transfer of the actions against them to a single district for pretrial proceedings where the prerequisites of Section 1407 are otherwise satisfied. <u>In re Kauffman Mutual Fund Actions</u>, 337 F. Supp. 1337, 1339 (J.P.M.L. 1972). Indeed, 28 U.S.C. §1407(a) states that "actions may be transferred to <u>any</u> <u>district</u> for coordinated or consolidated pretrial proceedings." (Emphasis added.) The legislative history of Section 1407 is also instructive on this point. <u>In re Plumbing Fixture Cases</u>, 298 F. Supp. 484, 499-500 (J.P.M.L. 1968). The recent <u>Radzanower</u> opinion by the Supreme Court has no effect on transfers under Section 1407 because the opinion deals **exclusively with** the question whether the venue provision of the National Bank Act or the venue provision of the Securities Exchange Act controls in the event a national banking association is sued in a federal court for allegedly violating the Securities Exchange Act.

Furthermore, we see no reason to accord national banks any special treatment in considering transfer of actions under Section 1407. The Panel's statutory mandate is to weigh the interests of all the plaintiffs and all the defendants, and to consider multidistrict litigation as a whole in light of the purposes of the law. In re Library Editions of Children's Books, 297 F. Supp. 385, 386 (J.P.M.L. 1968).

We emphasize that defendant national banks need not worry about a transferee court's entering an order requiring that their documents be moved outside their home districts for trial because transfers under Section 1407 are for pretrial only and the actions against them will be remanded to their home districts for trial. See Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260-63 (1975). Moreover, we note that transfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. For example, depositions of witnesses may still occur where they reside, see Fed. R. Civ. P. 45(d)(2), and of course any party may request an order from the transferee court that its documents be inspected at its offices or at another convenient location in or near the city in which it is located, see Manual for Complex Litigation, Part I, §2.50 (rev. ed. 1973).

The defendant banks' reliance on In re Highway Accident Near Rockville, Connecticut, supra, and

<u>In re Truck Accident Near Alamagordo, New Mexico</u>, <u>supra</u>, in suggesting that plaintiffs Kalmanovitz and Falstaff are attempting to misuse Section 1407 in seeking transfer is misplaced. Those two litigations did not otherwise meet the standards for transfer under Section 1407, in contrast to the litigation now before us. Here significant benefits are to be gained by coordinated or consolidated pretrial proceedings.

Some parties argue that the securities action involves many issues which are unique to that action, and therefore that it is not appropriate for transfer. Defendant Haskins & Sells maintains that it would be inconvenienced by any coordination or consolidation between the securities action and the other actions because it is a defendant in only the securities action and should not be forced to participate in discovery on complex issues in other actions which involve only other defendants.

Viewing this litigation as a whole, we rule that any inconvenience claimed by Haskins & Sells to result from the fact that it is a party in only one of the actions being transferred

is outweighed by the overall benefits of coordinated or consolidated pretrial proceedings in these actions. See In re Library Editions of Children's Books, supra, 297 F. Supp. at 386. Of course Haskins & Sells, as well as any other party, need not participate in discovery unrelated to the particular issues with which it is involved. See, e.g., Manual for Complex Litigation, supra, Part I, §2.31. Moreover, any discovery unique to a particular action may be scheduled by the transferee judge to proceed concurrently with the common discovery. See In re Republic National-Reality Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

B. The Declaratory Judgment Action

Although the declaratory judgment action shares common questions of fact with the other actions in this litigation, we are persuaded that it should not be included in the coordinated or consolidated pretrial proceedings we are herewith ordering. The record before us reveals that the declaratory judgment action is rapidly approaching trial. The just and efficient conduct of this action as well as the other actions can therefore best be achieved by allowing it to remain in the Northern District of California. See

<u>In re Celotex Corp. "Technifoam" Products Liability Litigation</u>, 68 F.R.D. 502, 505 (J.P.M.L. 1975).

VI. <u>SELECTION OF THE TRANSFEREE DISTRICT</u>

The Eastern District of Missouri and the Northern District of California have each been suggested by the parties as the transferee district for this litigation. The parties favoring the Northern District of California contend that that district is preferable because the documents and witnesses of Falstaff which are relevant to this litigation are now located at Falstaff's corporate headquarters in San Francisco, and because the declaratory judgment action pending in the Northern District of California is further advanced in pretrial proceedings than any of the other actions. Though either district would be an appropriate transferee forum, we find that the Eastern District of Missouri is preferable.

Falstaff's corporate headquarters were located in St. Louis prior to and during the events from which this litigation arose. Many of the individuals who were officers and directors of Falstaff during that period still reside in the St. Louis area. Falstaff's headquarters were not moved to California until after the takeover by Kalmanovitz. Therefore, many documents and witnesses relevant to this

litigation will be found in the Eastern District of Missouri, as well as in the vicinity of Falstaff's present corporate headquarters in the Northern District of California. Furthermore, the relevant documents and witnesses regarding the four defendant banks are located in Missouri, Louisiana, Pennsylvania and Rhode Island. Thus the Eastern District of Missouri provides a central location for the overall convenience of the parties and witnesses. Moreover, of the actions for which coordinated or consolidated pretrial proceedings are being ordered, the discovery schedule in the Eastern District of Missouri action is the most advanced. Finally, the civil action docket in the Eastern District of Missouri is more current than the one in the Northern District of California and therefore the former district is in a better position to process the pretrial proceedings in this litigation toward their most expeditious termination. See Administrative Office of the United States Courts, Management Statistics for United States Courts 92, 101 (1976).

IT IS THEREFORE ORDERED that transfer of the action entitled Falstaff Brewing Corp., et al., v. New York Life Insurance Co., et. al., N.D. California, Civil Action No. C75-1560-RHS be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the remaining actions listed on the following Schedule A and pending in districts other than the Eastern District of Missouri be, and the same hereby

are, transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable H. Kenneth Wangelin for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action listed on Schedule A and pending in that district.

**SCHEDULE A**                                                    **DOCKET NO. 263**

### DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Falstaff Brewing Corp., et al. v. Industrial National Bank of Rhode Island | Civil Action No. C-76-0074 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Falstaff Brewing Corp., et al. v. The First Pennsylvania Banking and Trust Co. | Civil Action No. C-76-438 |

### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Falstaff Brewing Corp., et al. v. Boatmen's National Bank of St. Louis | Civil Action No. 76-120C(3) |

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Falstaff Brewing Corp., et al. v. First National Bank of Commerce | Civil Action No. E-76-452 |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Falstaff Brewing Corp., et al. v. New York Life Insurance Co., et el. | Civil Action No. C 75-2342-SW |
| Falstaff Brewing Corp., et al. v. New York Life Insurance Co., et al. | Civil Action No. C 75-1560-RHS |
| Paul Kalmanovitz v. New York Life Insurance Co., et al. | Civil Action No. C 76-106-RHS |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -3 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE FALSTAFF BREWING CORPORATION )
ANTITRUST LITIGATION )

DOCKET NO. 263

## CONCURRING OPINION

EDWARD WEINFELD, J.

I concur in the decision of my brethren that the antitrust actions and the securities action which are pending in districts other than the Eastern District of Missouri should, pursuant to 28 U.S.C. §1407, be transferred to that district for coordinated or consolidated pretrial proceedings with the action pending in that district and that transfer pursuant to Section 1407 of the declaratory judgment action should be denied. I also agree with my brethren that the venue provision of the National Bank Act, 12 U.S.C. §94, does not prohibit transfer under Section 1407 of actions in which national banks are parties. Unlike my brethren, however, I am of the view that the Panel should adopt as policy the Supreme Court's recent recognition in Radzanower v. Touche Ross & Co., 426 U.S. 148(1976), that the purpose of 12 U.S.C. §94 was to prevent interruption in the business of national banks that might result from their records being sent to distant counties, 426 U.S. at 156. Accordingly, I would include in the Panel's transfer order in this litigation a provision that with respect to the national bank defendants any discovery or inspection of their records shall be had only in each bank's home district.